Overseers of the Poor of FAIRLEE v. Overseers of the Poor of Corinth.

Orange,<br>March,<br>1837.

The following return on a warning out process, to wit : " Aug. 22d; 1806, I then served this precept by leaving a true and attested copy of the same, and return, with the within named N. W., as the law directs," is sufficient.

This was an appeal from an order of removal, whereby Nathan Watson, a pauper, was ordered to be removed from Fairlee to Corinth ; from which order Corinth appealed to the County Court. On the trial, it appeared that the pauper had his settlement in Corinth, unless prevented from gaining a settlement, by force of the following proceeding : Within the first year of Watson's residence in Corinth, a warning was issued, in due form of law, from the Selectmen, directing the Constable to summon Watson to depart said town. Upon that warning was the following return :

" Corinth, Aug. 22, 1806. I then served this precept, by leaving a true and attested copy of the same and return, with the within named Nathan Watson, as the law directs.

CALEB LADD, <em>Constable.</em>"

This was seasonably returned and recorded. The County Court decided that said return was sufficient and rendered judgment that said pauper was unduly removed, to which the plaintiffs excepted, and the cause passed to this Court.

*L. B. Peck, for Fairlee.*

The return of the constable is bad. It does not appear from the record, that the return on the original summons was indorsed on the copy, left with the pauper. The officer says, he left " a true and attested copy of the warning and *return*," and the inquiry here presents itself, to what return does he allude, and by whom was it made ? It is not stated that it was *the* return entered on the warning. But suppose we presume such was the fact, the question arises ;—was the return written on the copy ?

The record shows no such fact, and it is not to be presumed. The court, in order to give effect to the warning, must intend—1st. That the return was the same with that on the original. 2nd. That it was indorsed on the copy left with the pauper. To presume these facts, will be extending the doctrine of presumption to a class of cases, in which this court have, heretofore, uniformly said, that nothing was to be taken by intendment.

In *Townsend* v. *Athens*, 1 Vt. Rep. 284, the officer was required to summon *Jonas Deputrin* to leave the town of Athens. The officer's return was in the following words— " Athens, May 28, 1817. Then served the within precept by leaving a true and attested copy with the with *Jonas*, with my return hereon thereon indorsed." The court said that they could not presume the copy was left *with* the pauper, nor read with, for *within*, and therefore rejected the record.

In *Reading* v. *Rockingham*, 2 Aik. Rep. 272, the Court held, that when service of a warning is made, by leaving a copy with some person, other than the pauper, at the usual abode of such pauper, it is essential that the officer certify in his return, that the person, with whom he left the copy, was then resident therein.

In the case between *Barnet* v. *Concord*, 4 Vt. Rep. 564, the officer's return was in the following words. " Then served this precept by leaving a true and attested copy of the same at the last and usual place of abode of the within named *John S. Emerson*, *with a person of discretion, residing therein*, with my return hereon thereon endorsed."

The court held this return defective for two reasons. 1. That the name of the person with whom the copy was left, was not given. And 2nd. That it was not stated that he was of *sufficient* discretion.

If the same strictness, which obtained in the cases cited, is applied to the case under discussion, the county court evidently erred in admitting the record.

It may be said, that the inference arising from the face of the record is, that the officer has allusion to *his* return, and that it must have been entered on the copy, as it is usual for officers to indorse their returns on copies of their writs. The same argument might have been and, no doubt, was used, in the case between *Reading and Rockingham*, and that of *Barnet and Concord*, for it is equally true, that when an officer serves any process by leaving a copy at the abode of the individual, on whom it is served, with some person he may find there, he takes care to ascertain that *such* person is a resident of the family, and of sufficient discretion. He neither leaves it with a *transient* person, nor an *idiot* or *lunatic*. The court has not and does not act upon inference or conjecture. In the present case, the return may be literally true, and yet very far from a compliance

with the statute. The officer may have put upon the copy a return entirely different from that on the original—or the return may have been entered on a separate and distinct paper, and this delivered to the pauper, at some other time. This would not be in conformity with the statute, nor would it contradict the return on the record. It would be impossible, then, either to deny the return, or to recover against the constable for a false return. This view of the case, according to the principle laid down in *Barnet* v. *Concord*, renders the record defective.

Vide also *Kittredge* v. *Bellows*, 4 N. H. Rep. 424.

*W. Upham, for Corinth.*

It is objected that this return is defective, 1st. Because it does not appear what return the constable left with Watson, or, in other words, it does not appear that it was the officer's return of the service of the precept, that he left with Watson.

2nd. Because it does not appear that the return was on the copy, left with the person warned to depart the town.

In answer to these objections, we insist, 1st, That it does appear that it was the constable's return of service of the precept, that he left with Watson. The officer says he served the precept, "by leaving a true and attested copy of the same and return, with the within named Watson, as the law directs." What return did the constable leave? The return of his doings—of the service of the warning. Nothing else can be intended. Writs of summons are to be served by delivering the defendant or defendants, "a true and attested copy of said writ, with the officer's return thereon." Return of what? The statute does not say; but we all understand that it is the return of his doings —of the service of the precept.

2. We say it appears with sufficient certainty, that the return was on the copy left with Watson. The return says the precept was served "by leaving a true and attested copy of the same and return, with the within named Nathan Watson, *as the law directs.*" The return, then, was on the copy left, for the law so directs. The presumption is, that every officer does his duty, until the contrary appears. It is certain, to a certain intent in general, that the return was on the "true and attested copy," left with Watson, and this is all the certainty the law requires in indictments. Co. Lit. 303. a. Arch.Pl. & Ev. 108. Arch. Crim. Pl. 17. And the court will not require a

greater degree of certainty in this case, than is required in indictments. We maintain that certainty, to a common intent, is sufficient in this case. It is all that is required in ordinary pleading. It is a rule well settled, that, in pleas, the court will presume, in favor of the pleader, every proposition, which is by reasonable intendment impliedly included in the pleading, though not expressed. Arch. Crim. Pl. 17, 18.

In *Townsend* v. *Athens*, 1 Vt. Rep. 284, the court said, in relation to the service of the warning, " if the town of Athens have substantially complied with the requisitions of the statute, in the warning out of the pauper, they have, as a matter of right, thrown him upon Townsend." Athens relied upon a warning, with a return upon it, in the following words, viz :—

" Then served the within precept, by · leaving a true and attest copy with the *with Jonas*, with my return hereon thereon indorsed."

In speaking of this return, Hutchinson, Justice, in delivering the opinion of the court, said, " that the bad spelling and failure in the return to say who served, and the defect of saying of what a copy was left, the court can supply by intendment. The officer, signing the return, shows who served the precept. The having served the precept, by leaving a copy, affords an intendment that he left a copy of the precept." This reasoning, when applied to the return in this case, answers all the plaintiff's objections and establishes its validity. Vide *Marshfield* v. *Montpelier*, 4 Vt. Rep. 284. *Shrewsbury* v. *Mount-Holley*, 2 Vt. Rep. 220.

The opinion of the court was delivered by

COLLAMER, J. This is a question upon the sufficiency of a warning-out process. Little aid can be derived from the cases cited in argument. These cases are mere *precedents*, and, to render them of force, the words must be the same and stand in the same connection. For instance, the case that decided that the preposition *with*, in the connection, in which it there stood, did not mean *within*, is an authority for no other word whatever. *Townsend* v. *Athens*, 1 Vt. Rep. 284. As *authorities*, these cases have no great importance, because they settle no *principle* of law. No doctrine can be extracted from them to construe other words, except the general doctrine, that such pro-

ceedings are open to objection, and the courts have adopted a strict construction,—in some cases more, in others less, rigid.

We are now called to pass on a set of words, on which there has been no decision. We shall endeavour to direct ourselves by the rule that, " certainty, to a certain intent in general," is sufficient. The rules of certainty, as drawn from Coke and preserved by the courts, are far from perspicuous, and their application far from *certain.* This, probably, arises from their being a specimen of the scholastic learning, which abounded in refined and obscure subtleties. The rule of certainty, mentioned, is the one ordinarily sufficient in law, and is Coke's second degree of certainty. This rule requires and means, " what, upon a fair and reasonable construction, may be called *certain,* without recurring to possible facts, which do not appear." 1 Chitty's Pleading, 237. It probably amounts to this ; the writing should be such as would be understood to convey the meaning required to all men of ordinary discernment, alike. The faithful application of this rule would disabuse the law of much of the charge of useless refinement and subtlety.

The law requires these precepts to be served in .the same manner as a writ of summons. Such writ is required to be served on the defendant, " by delivering him a true and attested copy of said writ, with the officer's return thereon." This means a copy of the writ and a copy of the return *on the writ.* The word, *thereon,* refers to the writ, not the copy. In this case, the return is, " I served this precept, by leaving a true and attested copy of the same, and return with the within named,".&c. Now, could any two candid men understand this differently, or be, by possibility, misled ? Would not all understand that he left a copy of this precept and *this return.* The word, *thereon,* is of no consequence, if it appear by the return, that a true and attested copy of the precept, and also a true and attested copy of the return, which the officer made on the precept, were delivered to the pauper. The only difficulty with this return, the only objection made to it, is, that it does not say *this* return. Can this word be understood or supplied by intendment ? In the case, *Waterford* v. *Brookfield,* 2 Vt. Rep. 207, the return was, " I served this warning by leaving a true and attested copy, with, &c." without saying of what it was a copy. Hutchinson, justice, in delivering the opinion of the court, in that case, said, " It is objected that he says he left a copy, without saying of what.

It is true, he does not say it expressly, but the intendment is so strong it cannot be misunderstood. " Served the warning by leaving a copy," cannot be supposed a copy of any thing except the warning. We got over an objection, exactly similar, in Windham County." There, the words, *" of this warning,"* were supplied, as being clearly implied. Here, the officer returns, that he delivered a true and attested copy of this precept and return. This must intend *this* return.

To say it might be some other return, would be to adopt the rule, that it must be so certain, as to exclude every possibility to the contrary. Now this is to require " certainty to a certain intent, in every particular ;" the highest degree of certainty, defined or mentioned in scholastic subtlety, confined to the refiners on the STAGIRITE, repudiated as early as Coke, and never required in pleading, except in two or three extraordinary cases. *Rex* v. *Horne,* Cowp. R. 682.

Judgment affirmed.